IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE JEFFREY CHASE PRIMM, SR. AND SUSAN LYNNE PRIMM<br>　　Debtors | § § § § | Case No. 08-34775 |
| R. MICHAEL LOONEY AND SUSI LOONEY<br>　　Plaintiffs | § § § § | Chapter 7 |
| vs. | § § | |
| JEFFREY CHASE PRIMM, SR. AND SUSAN LYNNE PRIMM<br>　　Defendants | § § § § | Adv. Proc. No. 08-3425 |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME FOR
SERVICE AND MOTION FOR SUBSTITUTED SERVICE**

TO THE HONORABLE COURT:

Plaintiffs R. Michael Looney and Susi Looney file this Motion for Extension of Time for Service of Summons and Plaintiffs' First Amended Complaint on Defendants Jeffrey Chase Primm, Sr. and Susan Lynne Primm and Motion for Substituted Service and in support thereof would respectfully show as follows:

**A. Parties**

1. Plaintiffs R. Michael Looney and Susi Looney ("Plaintiffs") are individuals who are citizens of the State of Texas.

2. Defendant Jeffrey Chase Primm, Sr. is an individual who is a citizen of the State of Texas and the Debtor in Case No. 08-34775. He has not yet been served.

3. Defendant Susan Lynne Primm is an individual who is a citizen of the State of Texas and the Debtor in Case No. 08-34775. She has not yet been served.

## B. Facts

4. On November 3, 2008, Plaintiffs filed their Original Complaint under Sections 523 and 727 of U.S. Bankruptcy Code. Plaintiffs served a copy of the Complaint on Defendants' counsel in the above-referenced bankruptcy case, Case No. 08-34775, in order to comply with rules on communications with parties represented by counsel.[1] After Defendants did not file an answer or appear, on December 17, 2008, Plaintiffs contacted Defendants' bankruptcy counsel about this adversary proceeding. Defendants' bankruptcy counsel replied and indicated she is not representing Defendants in the adversary proceeding. On December 18, 2008, Defendants attended the Scheduling Conference set by the Court.

5. Thereafter, on December 23, 2008 (less than a week after the reply from Defendants' bankruptcy counsel), Plaintiffs filed their First Amended Complaint requesting summons for both Defendant Jeffrey Chase Primm, Sr. and Defendant Susan Lynne Primm at their residence. Upon receipt of the Summons, Plaintiffs promptly forwarded both Summons to their process server. Despite diligent efforts, Plaintiffs' process server has been unable to serve the Defendants with the Summons as of the filing of this Motion for Extension of Time for Service and Motion for Substituted Service.

6. Plaintiffs attach the Affidavit of Ronald A. Emerson ("Emerson Affidavit") to this Motion to establish facts not apparent from the record and incorporate the Affidavit as if set forth fully herein. *See* Emerson Affidavit, attached and incorporated herein as Exhibit A.

## C. Argument

7. Federal Rule of Civil Procedure 4(m) requires service to be accomplished within one hundred twenty (120) days after the filing of the complaint. FED. R. CIV. P. 4(m). "But if the

---

[1] Plaintiffs' Original Complaint states Defendants "may be served through [his/her] counsel, Barbara Mincey Rogers, Rogers, Anderson and Bensey, P.L.L.C., 1415 North Loop West, Suite 1020, Houston, Texas 77008."

2

plaintiff shows good cause for the failure [to serve defendant within 120 days], the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m); *see also Lindsey v. United States RR Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996) (stating "[u]pon a showing of good cause, the district court 'shall extend the time for service for an appropriate period'"). "'[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'" *Lindsey*, 101 F.3d at 444 (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir.1993) (per curiam)). If the Court determines that good cause does not exist, the Court still may enlarge the time to serve the defendant on a showing that the relief is justified. *See Henderson v. U.S.*, 517 654, 662, 116 S.Ct. 1638, 1643 (1996).

8. Since discovering Defendants' bankruptcy counsel is not representing Defendants, Plaintiffs have diligently pursued service of process on Defendants. Plaintiffs filed their First Amended Complaint within a week. Plaintiffs obtained Summons and forwarded the Summons to their process server within eight (8) days after the filing the First Amended Complaint. Plaintiffs' process server has attempted to serve Defendants on four (4) separate occasions. *See* Emerson Affidavit, Exhibit A. Plaintiffs' process server has appeared at Defendants' residence at different times of the day. *See* Emerson Affidavit, Exhibit A. Furthermore, Defendants do not park vehicles in their driveway and they reside in a gated community, both of which make it more difficult to serve Defendants. *See* Emerson Affidavit, Exhibit A. Plaintiffs' process server's opinion is Defendants are purposefully evading service of process. *See* Emerson Affidavit, Exhibit A. Plaintiffs request the Court grant them additional time to serve Defendants because Plaintiffs have been diligent in attempting to get Defendants served.

9. Plaintiffs request the Court extend the time for service of process by an additional one hundred twenty (120) days. If the Court grants Plaintiffs' request for additional time, the extension will enable Plaintiffs to serve Defendants and will not inconvenience the Court, any party or any witness. There are no other parties in this adversary proceeding. Furthermore, in the bankruptcy action to which this adversary proceeding relates, the deadline for filing proofs of claim has only just passed the day before the filing of this Motion. Minimal activity has occurred in the main bankruptcy action.

10. If Plaintiffs do not receive additional time (and/or substituted service), they will suffer harm because this action cannot be re-filed in accordance with the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines from this Court[2].

11. In the alternative and in addition to an extension of time for service of process, Plaintiffs request the Court enter an Order allowing Plaintiffs to serve both Defendants through substituted service, i.e. posting the Summons and Plaintiffs' First Amended Complaint on the door of Defendants' residence, sending the Summons and Plaintiffs' First Amended Complaint to Defendants' address on file in the above-referenced bankruptcy case, Case No. 08-34775, by certified mail, return receipt requested or serving the Summons and Plaintiffs' First Amended Complaint on Defendants' bankruptcy counsel.

### D. Conclusion

12. Despite diligent efforts, Plaintiffs have been unable to accomplish service of process on Defendants. Plaintiffs request the Court extend the period of time for service of process by an additional one hundred twenty (120) days and the Court also enter an Order allowing Plaintiffs to serve both Defendants through substituted service.

---

[2] The Notice set the deadline for filing a complaint objecting to discharge and to determine dischargeability on November 3, 2008.

4

For these reasons, Plaintiffs R. Michael Looney and Susi Looney respectfully request the Court grant their Motion for Extension of Time for Service and Motion for Substituted Service and that Plaintiffs have such other and further relief, legal or equitable, as Plaintiffs are justly entitled to receive.

Respectfully submitted,

**DICKINSON & WHEELOCK, P.C.**

By: _____
Jeffrey W. Wheelock
Attorney-in-Charge
State Bar No. 21265350
S.D.T. No. 14009
952 Echo Lane, Suite 420
Houston, Texas 77024
(713) 722-8118 - Telephone
(713) 722-7003 – Facsimile
Email: jwheelock@dwlegal.com

**ATTORNEY FOR PLAINTIFFS,
R. MICHAEL LOONEY AND SUSI LOONEY**

OF COUNSEL:

Thomas A. Dickinson
DICKINSON & WHEELOCK, P.C.
State Bar No. 05836400
S.D.T. No. 13188
952 Echo Lane, Suite 420
Houston, Texas 77024
(713) 722-8118
(713) 722-7003 – Fax
Email: tdickinson@dwlegal.com

ATTORNEY FOR PLAINTIFFS,
R. MICHAEL LOONEY AND SUSI LOONEY

5

## CERTIFICATE OF SERVICE

I hereby certify on January 20th, 2009, I served a copy of the foregoing instrument to all parties of record by certified mail, return receipt requested and/or hand delivery.

Susan Lynne Primm
10807 Silverado Trace
Cypress, Texas 77095

Jeffrey Chase Primm, Sr.
10807 Silverado Trace
Cypress, Texas 77095

_____
Jeffrey W. Wheelock

6